IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
v.
REHEIM HARRIS,
    Movant

: Case No. 3:07-cr-36-KRG-KAP
: Case No. 3:13-cv-160-KRG-KAP

Report and Recommendation

Recommendation

Reheim Harris filed a motion to vacate his conviction under 28 U.S.C.§ 2255, docket no. 1 at the civil case, docket no. 314 at the criminal case. (All further docket references are to the criminal case.) The motion should be summarily denied without a certificate of appealability. This does not affect the pending motion under 18 U.S.C.§ 3582, docket no. 310.

Report

Harris entered a plea of guilty on September 30, 2009, see docket no. 217 (minute entry), and was sentenced to 120 months imprisonment on February 8, 2010. See docket no. 269 (minute entry), docket no. 270 (Judgment and Commitment Order), docket no. 295 (Sentencing Transcript). Harris did not take a direct appeal from the sentence, and his conviction therefore became final in March 2010 when the time prescribed by Fed.R.App.P. 4(b) for filing a notice of appeal expired, 14 days after the entry of his judgment of conviction on the docket on February 22, 2010. Kapral v. United States, 166 F.3d 565, 577 (1999)("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation

begins to run, on the date on which the time for filing such an appeal expired.") Harris' time to file a motion to vacate expired one year later, because 28 U.S.C.§ 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Harris' motion to vacate was filed in July 2013. Although Harris' citation to <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013) <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), suggests that he thinks 28 U.S.C.§ 2255(f)(3) applies, neither of those cases has been made retroactively applicable to cases on collateral review. Because there is no substantial question that Harris' motion to vacate is untimely, no certificate of appealability should issue.

    Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: August 1, 2013

Keith A. Pesto,
United States Magistrate Judge

2

Notice to counsel of record by ECF and by U.S. Mail to:

    Reheim Harris, Reg. No. 11243-068
    F.C.I. Yazoo City Medium
    P.O. Box 5888
    Yazoo City, MS 39194