IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    v.
REHEIM HARRIS,
    Movant

: Case No. 3:07-cr-36-KRG-KAP
: Case No. 3:13-cv-160-KRG-KAP

Order, Report and Recommendation

Recommendation

Pending is docket no. 326, movant Reheim Harris's Rule 59 motion to reconsider the judgment at docket no. 324 denying Harris's motion to vacate his conviction under 28 U.S.C.§ 2255, docket no. 314. The motion was referred to me under 28 U.S.C.§ 636(b)(3). I conditionally recommend that the motion be denied or granted as explained below.

Report and Order

Movant Harris changed his plea to guilty on September 30, 2009, see docket no. 217 (minute entry), and the Court sentenced Harris to 120 months imprisonment on February 8, 2010. See docket no. 269 (minute entry), docket no. 270 (Judgment and Commitment Order), docket no. 295 (Sentencing Transcript). Harris filed his motion to vacate, dated July 17, 2013, on July 18, 2013. docket no. 314. Harris, proceeding *pro se*, arguably made two claims: that his career offender designation violated Alleyne v. United States, 133 S. Ct. 2151 (2013) and Descamps v. United States, 133 S. Ct. 2276 (2013). Both were decided the month before Harris filed his motion to vacate but neither was held to be retroactively applicable to cases on collateral review.

I recommended and the Court agreed that Harris' motion was out of time under 28 U.S.C.§ 2255(f), which provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

I noted that Subsection 2255(f)(3) did not apply.

Harris's counseled Rule 59 motion notes that the United States, as a policy matter, has now decided not to contest the retroactivity of Descamps and urges that the Court should make a decision on the merits of the Descamps claim (there appears to be a tacit acknowledgment that Alleyne is not relevant here); the government acknowledges non-opposition to retroactive application of Descamps but opposes altering the judgment because Harris expressly waived the filing of a motion to vacate.

The plea agreement does expressly waive the filing of a motion to vacate. Plea agreements are essentially contracts, Puckett v. United States, 556 U.S. 129, 137 (2009), see also Santobello v. New York, 404 U.S. 257, 261-62 (1971), and waivers of appellate and collateral review of sentences are generally valid

2

because they are not conditions that have "no proper relationship to the prosecutor's business," Mabry v. Johnson, 467 U.S. 504, 509 (1984); see e.g. United States v. Grimes, 739 F.3d 125, 128-31 (3d Cir.2014)(enforcing an appellate waiver where there was no claim that counsel was ineffective in the negotiation of the waiver). The government's current policy is not to seek appellate and collateral waivers but to enforce those previously entered into. See e.g. Williams v. United States, 2014 WL 4060263 at *14 (W.D.Pa.August 14, 2014)(Conti, C.J.); United States v. Chatman, Case No. 3:10-cr-30-KRG-KAP (W.D.Pa. February 11, 2015).

Enforcement of collateral waivers turns on the knowing and voluntary nature of the waiver. I order the court reporter to transcribe the change of plea hearing of September 30, 2009. If the transcript reflects the Court's usual colloquy, the waiver should be upheld and the Rule 59 motion denied. If it does not, the Descamps claim should proceed on the merits.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days after the filing of the transcript of the change of plea hearing to file written objections to this Report and Recommendation.

DATE: 19 February 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by hand delivery to the court reporter